I concur with the majority opinion in virtually every aspect but would respectfully suggest that the retrial should not be limited to the issue of pain and suffering but instead should include a new trial as to all damages. My reading of the Boldt v. Kramer decision cited by the majority and the cases cited therein suggests to me that where, as in the case before us, there are several types of damages requested in the original action and the general jury verdict does not expressly reject any request, but appears to have improperly ignored all but one of these requests, the validity of the total damage award is placed in doubt. For example, the failure to award any damages for lost wages may have been solely based on improperly deciding that there was no compensable pain and suffering and therefore no work should have been missed, rather than being based on any failure of proof as to the work hours or wages themselves. Accordingly, I believe a new trial should encompass all damages which have been placed in doubt by the tainted verdict. Cf.Hughes v. Koop (February 18, 1997), Clermont App. No. CA96-10-81, unreported; Ortman v. Lumbert (April 14, 1997), Madison App. No. CA96-06-023, unreported; and Harley v. Osborn (September 12, 1988), Cuyahoga App. No. 54260, unreported.